IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(Topeka Docket)

FILED IN OPEN COURT
3-4-14
TIMOTHY M. O'BRIEN, CLERK
BY _____ DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | MAR -5 2014 |
| Plaintiff, | Clerk, U.S. District Court<br>By:_____ Deputy Clerk |
| v. | No. 13-40064-JAR |
| GOVIND PANERU, | |
| Defendant. | |

## PLEA AGREEMENT

The United States of America, by and through Richard L. Hathaway, Assistant U.S. Attorney, and Govind Paneru, the defendant, personally and by and through defendant's counsel, Angela L. Williams, hereby enter into the following plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

**1. Defendant's Guilty Plea.** The defendant agrees to plead guilty to a one count criminal information, which charges a violation of Title 8, United States Code, § 1325(a)(3), that is, obtaining entry to the United States by willfully making a false and misleading representation and the willful concealment of a material fact. By entering into this plea agreement, the defendant admits to knowingly committing this offense, and to being guilty of the offense. The defendant understands that the

maximum sentence which may be imposed as to a violation of Title 8, United States Code, § 1325(a)(3) for a first commission of such offense is imprisonment of not more than 6 months, a fine of not more than $5,000, a term of supervised release of not more than one year, and a $10 mandatory special assessment.

   2.   **Factual Basis for the Guilty Plea.**   The parties agree the facts constituting the offenses to which the defendant is pleading guilty are as follows:

>  On or about the 5th day of December, 2008 in the District of Kansas, the defendant, GOVIND PANERU, a citizen of Nepal and therefore an alien in the United States, did knowingly and unlawfully attempt to cause the entry and obtained the entry into the United States of a dependent, who was also a citizen of Nepal and an alien in the United States, by wilfully making a false and misleading representation and a willful concealment of a material fact.   On or about December 5, 2008, the defendant GOVIND PANERU caused to be deposited into his account at Commerce Bank, Manhattan, Kansas, $3,695, that he temporarily obtained from fellow Nepalese students.   After obtaining a notarized bank letter from Commerce Bank representing that he had $4,912.43 in his account, the defendant returned all of the temporarily obtained funds.   The defendant presented this bank statement to an International Student Advisor at Kansas State University to obtain a certification "under penalty of perjury" from the advisor on three Forms I 20 that items 1 through 9 on this government form were true and correct, including proof of "financial responsibility" for PANERU. PANERU, who also signed the Form I 20, represented at line 8.a. that he had "Student's personal funds" of $4,912.   The Forms I 20 were then uploaded into the SEVIS computer system. The Forms I 20 were then uploaded into the SEVIS computer system.   SEVIS is an Internet based computer system designed to maintain accurate and current information on non immigrant students, and their dependents.

SEVIS enables schools and program sponsors to transmit mandatory information and event notifications via the Internet, to the Department of Homeland Security and Department of State throughout a student and their dependents stay in the United States.   The foregoing is all in violation of Title 8, United States Code '1325(a)(3).

3. **Proposed (c)(1)(C) Sentence.**  The parties propose, as an appropriate disposition of this case, a sentence of no imprisonment;   no supervised release; no fine; and the mandatory special assessment of $10 to be paid immediately to the Clerk of the Court.   The parties seek this binding plea agreement as an appropriate disposition of the case because it brings certainty to the sentencing process and assures that the defendant and the government will benefit from the bargain they have struck if the Court permits itself to be bound by the proposed sentence; the interests of justice are served by the sentence, thereby assuring that the sentence is consistent with the sentencing factors of 18 U.S.C. § 3553(a); and if the Court does not agree with the sentence, the parties may be restored to the positions they maintained prior to reaching this plea agreement.   This agreement centers on the defendant's agreement to enter his guilty plea as soon as the Court's schedule permits, thereby preserving valuable Court, prosecution,  probation office, U.S. Marshals Service and other law

enforcement resources. As part of this disposition that defendant agrees to waive the preparation of a Presentence Investigation Report and agrees to the imposition of sentence on the date of the entry and acceptance of his plea of guilty.

4. Defendant's Agreements:

   a. In the event the Court accepts this plea agreement and sentences the defendant pursuant to Fed.R.Crim.P. 11(c)(1)(C), the defendant agrees that he will voluntarily leave the United States at his own expense within 45 days of entry of the judgment of conviction.

   b. Defendant agrees that he will provide to the United States Attorneys Office, evidence of his departure from the United States and arrival in Nepal.

   c. Defendant agrees not to seek reentry into the United States for at least 6 months following his arrival in Nepal.[1]

---

[1] The Defendant acknowledges that the decision as to whether he would ever in the future be admitted back into the United States resides exclusively with the United States and its executive branch agencies.

d. Prior to his departure, the defendant agrees to submit to a debriefing with a representative of the Department of Homeland Security.

e. To effectuate this plea agreement, the Defendant agrees to waive any rights under the Speedy Trial Act, and agrees that the period of delay is excludable pursuant to Title 18, United States Code, Section 3161(h)(2), as delay during which prosecution of the defendant on the indictment is deferred for the purpose of allowing the defendant to demonstrate his good conduct.

5. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

   a. To not file any additional charges against the defendant arising out of the facts forming the basis for the present indictment and information;

   b. To dismiss the indictment in this case found at Dkt. 1 of this case upon completion of the conditions set forth in paragraph 4 above.

6. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal his conviction and sentence. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)], and a motion brought under Fed. Rule of Civ. Pro 60(b).

7. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552 and the defendant waives any rights

conferred under the Privacy Act of 1974, Title 5, U.S.C. § 552a to prevent or object to the disclosure of records or materials pertaining to this case.

8. **Waiver of Claim for Attorney's Fees.** The defendant waives all claims under the Hyde Amendment, Title 18, U.S.C. § 3006A, for attorneys fees and other litigation expenses arising out of the investigation or prosecution of this matter.

9. **Parties to the Agreement.** The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

10. **No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that he has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the

agreement between the parties. The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

*(signature)* Date: 3.4.14
RICHARD L. HATHAWAY, #07767
Assistant U.S. Attorney
444 S.E. Quincy, Ste. 290
Topeka, KS. 66683

*(signature: Richard Hathaway for)* Date: 3.4.14
JARED MAAG
Criminal Chief/Supervisor

*(signature)* Date: 3/4/2014
GOVIND PANERU
Defendant

*(signature)* Date: 3/4/14
Angela L. Williams
Counsel for GOVIND PANERU